Rule absolute.(a)

## WETHERILL v. THE BANK OF PENNSYLVANIA.

March 5, 1833.

*Special verdict.*

A deposited a note in bank for collection, which, at maturity, was carried out by the bank, in mistake, in the bank book of the depositor to his credit, as paid. The bank, subsequently, on discovering the mistake, erased the credit from the bank book of the depositor, who gave notice to the bank that he held it responsible for the amount, and afterwards drew a check for the amount (having no other deposit in bank) which was refused payment. The bank proceeded to sue the drawer of the note in its own name, and afterwards sued his bail, both of which suits proved fruitless. *Held*, that the bank by thus instituting suit against the drawer, after the termination of its agency for the plaintiff by his notice that he held it responsible, assumed the property in the note, and became liable to the plaintiff for the whole amount.

*It seems*, that even if the bank had not thus instituted suit, it would have been liable to the plaintiff for the amount, by reason of the lapse of time between the date of the maturity of the note and notice to the plaintiff of the mistake in extending the note to his credit as paid; and that it would not have been necessary to have enabled the plaintiff to recover, that he should have proved that he had sustained actual damage or loss.

THIS cause was tried before Coxe, J. on the 27th of February 1832, and the jury found the following special verdict, viz. :

"That the plaintiffs deposited for collection with the defendants, William Stuckert's note for 119 dollars 50 cents, at 60 days. On the 6th of March 1826 it became due, and was protested by Mr Lohra, a notary public, for non payment. On the 18th of March (entered

(a) See Smith v. M'Affee, *ante*, p. 85.

by mistake 4th) this note was carried out, with others, in the plaintiff's bank book, by mistake of a clerk of the defendants, as paid (*prout* said book). On the 1st of May following, the plaintiff's book having been sent to bank for settlement, the said credit for Stuckert's note was stricken out, and the amount thereof deducted, and a balance struck in favour of the plaintiffs, excluding said note. A suit was instituted by the defendants in their own names, viz. : Bank of Pennsylvania *v.* Stuckert, to September term 1826, No. 102, for the recovery of the amount of said note (*prout* record), and the defendant, Stuckert, was held to bail in 200 dollars. On the 26th of January 1828, judgment was entered against Stuckert for want of an *affidavit* of defence, and the same day damages were assessed at 134 dollars 45 cents. To September term 1827, No. 184, a suit was brought in this court (*prout* record), by the plaintiff, *A. V. C.*, against Stuckert & Lewis on the bail bond given in the aforesaid suit against said Stuckert. Judgment was entered the 19th of September 1827. A *fieri facias* issued to March term 1828, to which there was a return of '*nulla bona.*' The jury also find the following letters and all the facts stated therein, viz. : a letter from the plaintiffs to the defendants, dated the 4th of January 1828 (*prout* the same) ; a letter from the defendants to the plaintiffs, dated the 16th of January 1828 (*prout* the same) ; a letter from the plaintiffs to the defendants (*prout* the same), dated the same day and year last aforesaid ; and a letter from the same to the same, dated the 23d of January in the same year (*prout* the same).

"That on the 13th of February 1828, the plaintiffs drew their check (*prout* the check) on the defendants for 134 dollars 68 cents, payable to Stuckert's note or bearer, having previously, to wit on the 16th of July 1827, drawn all their moneys out of said bank, with the exception of said claim ; that the said check was presented to the defendants and refused payment. Joseph M'Goffin, the clerk of the defendants, who was released by the defendants before his examination, stated that the entry of Stuckert's note for collection was made by him, and also the entry of its extension ; that some time after the book-keeper came to him, and witness found it was extended by mistake ; that it was not entered in the bank's books. The plaintiffs were in the habit of sending their book every ten days or two weeks to have all their notes extended, and witness extended this with others ; a month or two after witness discovered the mistake, and perhaps two months, the witness struck out the credit of the

[Wetherill v. The Bank of Pennsylvania.]

note, and the book-keeper made the deduction. That when a depositor has a balance due on a deposit, and a note of his is due, the bank charges the note without a special deposit or order. This is the custom of the defendants. William Stuckert had no account in the bank of the defendants. It was also admitted that if the note had been paid by Stuckert, the plaintiffs would have had no other notice than by the extension of credit as made in their said book. Various entries and settlements were given in evidence as made in the said bank book of the plaintiffs (*prout* the same).

"If in point of law arising from said evidence which the jury find as fact, the defendants are liable in the opinion of the court, the jury find for the plaintiffs, &c., 161 dollars 93 cents, with 6 cents costs; if the court should be of opinion that the defendants are not in point of law responsible on said facts, the jury find for the defendants: and judgment to be entered accordingly."

*Randall,* for the plaintiffs.

1. The defendants extended the note to the credit of the plaintiffs as paid, in the usual course of business, and they had no right to recharge it. As the agents of the plaintiffs, the bank extended the amount, and for a long time suffered the plaintiffs to transact their business with the bank, and others, as if the note were paid. This was negligence in the bank, by which they insured the whole amount to plaintiffs, and for which they are responsible. Levy *v.* The Bank of the United States, 1 *Binn.* 25, 36; Bolton *v.* Richards, 6 *Term Rep.* 139; *Buller's N. P.* 273, 275, 277.

2. The plaintiffs were entitled to *immediate notice* of the mistake in extending the note to their credit. They might then have secured themselves by pursuing the drawer. If the note had been paid, the plaintiffs would have had no other notice of the fact than the extension, and upon that could have drawn for the amount. The plaintiffs, as to the bank, in relation to the subject of notice of the mistake, stood in the same position as an indorser, who, as a preliminary to establish his liability, is entitled to notice, though the drawer is insolvent. 1 *Strange* 506, 508; 1 *Serg. & Rawle* 334.

3. But the bank have adopted this note as their own, and are precluded from denying their liability; they have become principal debtors to the plaintiffs, because *after* notice, in 1826, from the latter, they proceeded in their own name against the drawer, which,

I.—3 A

if they were merely agents, they could not do.    Harvey *v.* Turner, *S. C., MSS.* (4 *Rawle* 223).

4. The plaintiffs did suffer actual loss, in legal contemplation. For two months, by the acts of the defendants, they could not sue the drawer.    But they are not bound to prove actual loss or damage. Harvey *v.* Turner.

*Chauncey, contra.*

1st. The defence stands upon the same principle as if the defendants had paid the money *by mistake,* and sought to recover it back. The defendant's agency was confined to receiving payment of the note ; it was not the case of a party to a contract, who, dealing with the other, is *bound to know* whether the facts, which form the basis of his dealing, are so or not.    Levy *v.* The Bank of the United States is not analogous to this case, and in Bolton *v.* Richards no mistake existed.

2d. It is a sufficient answer to the argument that the defendants stood towards the plaintiffs as an indorsee, that the character of their relation was that of *principal and agent.*

3d. There is no implication that the defendants made the note their own.    The plaintiffs, as principals, gave such a title to the bank in the note as to enable them to collect it, and the agency to collect continued until they withdrew it, which was by a notice, in 1828, that they held the defendants liable.    *Previous* to this, the bank, in pursuance of its agency, had proceeded in the object of collection by suing the drawer and his bail, and the plaintiffs acquiesced in this course by not demanding the note from the bank.    It is therefore a mere case of *principal and agent,* and the question is, have the defendants, in the *agency,* been guilty of *negligence ?*  They have not ; because not only have they pursued the usual course as to the collection of the note in the first place, but they have proceeded to sue the drawer to final judgment, and ascertained his insolvency and that of his bail.

4. But thus establishing the case to be one of agency, the plaintiffs must show they have sustained *actual damage.*  Stuckert, by the event of the suit brought against him at the instance of the bank, is shown to have been insolvent.    Bank of Washington *v.* Triplett, 1 *Peters's S. C. Rep.* 25, 30 ; Lawrence *v.* Stonington Bank, 6 *Conn. Rep.* 521 ; Barton *v.* Baker, 1 *Serg. & Rawle* 334 ; Hammon *v.* Cottle, 6 *Serg. & Rawle* 290.

[Wetherill v. The Bank of Pennsylvania.]

The opinion of the Court (BARNES, *President*; COXE, J.; and PETTIT, J.) was delivered by

COXE, J.—The two points raised by the arguments of counsel, as necessarily arising from the facts found by the jury, are:

1st. Whether the bank, under the facts, had a right to correct the mistake of the clerk in giving the plaintiffs credit on the 1st of May 1826?

2d. Whether, after notice by the plaintiffs, that they excepted to such recharge, and that they held the defendants liable, thereby terminating the defendants' agency, the defendants, by bringing a suit in their own name against Stuckert, on the said note, pursuing it to judgment, and subsequently taking an assignment of the bail bond, and again suing that to judgment and execution, have not made the debt their own, and thereby shut out any defence they may have had under the first point, if that be in their favour, and thus rendered themselves liable to the plaintiffs for the amount of the note?

The court, having carefully looked into the authorities cited by counsel, and particularly those relating to the necessity of the plaintiffs' proving the loss of their debt or special damage (the recent case of Harvey *v.* Turner, in the supreme court, appearing to bear strongly in favour of the plaintiffs), will pass at once to the second point, avoiding a direct decision of the first.

As to the second point, it appears by the verdict, that upon notice being given, on the 6th of March 1826, of the protest of the note in question to the plaintiffs, they notified Stuckert that unless the amount was paid within ten days they would commence a suit for its recovery; that on or about the 18th of March the plaintiffs sent to the bank to ascertain whether payment had been made, when it was extended in their bank book as paid, by defendants' clerk; that in the settlement of the bank account, on the 1st of May following, the plaintiffs were recharged with Stuckert's note, as extended in error. In May 1826, the plaintiffs notified the bank that they held the bank responsible to them for the amount of this note (see plaintiffs' letter to defendants of 16th of January 1828, which states the fact of such notice, which is uncontradicted by the defendants, and which is found in the special verdict), thereby terminating the character of the defendants as their agents, for the reasons stated in the correspondence. The defendants, however, proceeded to treat the note as their own by instituting a suit in their own names against

Stuckert; pursuing it to judgment by suing the bail bond in their own names to judgment and execution; incurring the responsibility of costs and expense of counsel fees without the authority of the defendants to act further as their agents, and in the face of their notice that they looked to them, the defendants, for the money. The court are of the opinion that, by their conduct, the defendants assumed the property in the note, and became responsible to the plaintiffs for its full amount; as they had no right, after the notice of May 1826, to act as the agents of the plaintiffs, and could only proceed as they did, in their own, and not in the plaintiffs' name, with the suits against Stuckert and his bail. The court therefore direct judgment to be entered for the plaintiff on the verdict.

Judgment for plaintiff.